I think you're next up. This is Kendrick. Yes, Your Honor. If it pleases the court, George Beeler appearing. We have raised the issue of collateral estoppel. We'll finally get to the one I thought we had. Yes, I'm glad the court had that issue on your mind. I unraveled myself. First of all, Your Honor, we're relying upon what I think is a well-established principle in Ninth Circuit law. It's set forth in the two cases we've relied upon, which is the Romeo case and the Seeley case. It's also set forth in some previous cases. There are five cases, I think, cited by the government, Webby, Dipp, Richard, about five cases that also address this question. And the question is, if you've got multiple charges, in a case, and the jury comes back in a trial and acquits the defendant on one of those charges, the question then arises as to whether or not the jury could convict the defendant on the remaining undecided charges in a manner that would be logically consistent with the acquittal on the first charge. Here's my problem with your argument, and maybe you can help me through this. The objects of the two conspiracies are different, one being to distribute and one being to import. And in terms of the facts in this case, it seemed to me that a jury rationally could conclude that your client had the intent to work on the importing end but not on the distributing end. And I don't see, I guess, why factually or legally they're inconsistent as they've played out in this case. The two charges were conspiracy to possess with intention to distribute. The second charge, now, the factual predicate for both charges is completely the same. It's a pretty simple set of facts. We have my client who has a friend who in turn has a boyfriend who's deeply involved in a smuggling ring, smuggling ecstasy into the country from Europe. Right, and she wants to help him bring it here. The government's case is that he recruits his girlfriend and my client to fly to Paris and allegedly for the purpose of acting as a decoy when they come back into the country. Now, and the charges then, conspiracy to possess with intent to distribute and conspiracy to import. Now under those facts, there simply is, I submit, there simply is no way that you could find no conspiracy to possess with intention to distribute and yet still find conspiracy to import. And we have a large amount of drugs here. Ms. Kendrick is accused of participating with other people who are possessing these drugs to bring them in. I understand you could look at it that way, but why couldn't a jury rationally look at it the way I described also? She wants to help make sure that everything gets into the country past the border, but after that she washes her hands of it or she just has no involvement with it after that. So she's on the importing end. Sure, they probably did look at it that way because there was no evidence that she was going to have any involvement after she landed at the airport and went through customs. And they could reasonably infer that she also lacked the intention to participate with that object in mind. But the difficulty is that as they're bringing the drugs through the airport, they're doing, her co-conspirators are doing two things. At that point, they're importing. At that point, they are possessing for purposes of distribution. I understand that. My question has to do with her intention, though, because one of the things the government has to prove is that she is to both objects. And so the jury, I think, could rationally find that inside her head was the intention to help with Part A but not with Part B. But what I'm saying is we're sort of talking back by each other at this point, I think, is that it's not conspiracy to distribute. I understand. It's conspiracy to possess with the intention that those drugs are going to be distributed. Now, her alleged co-conspirators are not just importing. At the time they are importing, they are also possessing with the intention to distribute. And there's no way that a rational person, Ms. Kendrick, if she did, in fact, join this conspiracy, could have thought that her co-conspirators were only importing and that they weren't possessing with the intention to distribute. And I don't think a jury could have looked at the facts in this case and said, well, she intended to import, but she didn't intend to possess with intent to distribute. The jury instructions are very clear. If you've got some drugs in your possession and the eventual goal is to have them in your possession now so that you will later distribute them, she doesn't have to be the one that's going to distribute. Just like she doesn't have to be the one carrying the suitcase in order to be guilty of conspiring to import. But if she knows that someone's carrying this suitcase and that there's a whole lot of drugs, so they aren't being brought in just for personal use, and she certainly has no reason to believe that Matt Carlton is bringing them in to bury them in his backyard. She certainly knows if she does join this conspiracy that she is joining a conspiracy to import and also to possess for purposes of distribution. And that's why we make so much in our brief of the fact that the government in this case, that this was the hugest, largest importation of ecstasy through the Houston International Airport. So there's no way that anybody who got close to this case could have thought that there was a conspiracy to import, but not also a conspiracy to possess for distribution. So under those facts, I submit that there's no way the first jury, in coming to the conclusion that she was not guilty of conspiracy to possess for distribution, there's no way that a jury could then conclude logically consistent with that, that she was guilty of conspiracy to import. Now of course one says then, what was the first jury doing? Why did the first jury hang on the issue of conspiracy to import if they found her not guilty of conspiracy to possess for distribution? And none of us really know, of course, because we didn't sit in the jury room. But I read this circuit's law, particularly the Seeley and Romeo cases, as saying we're not going to refuse to give collateral estoppel effect to the acquittal by conjecturing about what reasons they might have had to not have also acquitted on the companion counts. We're going to assume that in reaching the acquittal, they acted rationally. And we're going to treat it as a question of whether a rational jury, having now acquitted on this count, could logically, consistent with that, convict on the remaining counts. And I submit that although we have counts that in the abstract have different elements, as you apply those elements to the facts of this case, you can't find her not guilty of conspiracy to possess for distribution, but still find her guilty of conspiracy. There never should have been a second trial in this case. There never should have been a second trial where she was paired up with Stacy Eldridge, a much longer trial, et cetera. Once the jury in the first trial found her not guilty of that conspiracy charge, under the law of this circuit and under the principles of double jeopardy, that should have been the end of the matter. Unless the Court has other questions, I'll submit and reserve a few minutes for rebuttal. Okay. May it please the Court, once again, Michael Lowe for the United States. District Judge Takasugi on four separate occasions denied the very claim defendant is making here. On the last occasion, he expressly found that there was not even – the issue was not even debatable among reasonable jurists that the law in the Ninth Circuit was so well settled that her claim was entirely without merit and that her application for bail pending appeal had to be denied. Judge Takasugi was correct. The problem with the defendant's position is the way they frame the issue. And in order to prevail on a collateral estoppel claim, the defendant bears the burden of proving that a specific issue was necessarily decided by the jury's verdict. But what the defendant is doing is – bless you. Excuse me. Is framing the issue as whether the defendant was part of the one conspiracy in this case. But that wasn't the issue. The defendant here was charged with two conspiracies. And the fact that an organization may have been involved in multiple criminal activities and had multiple criminal conspiracies ongoing doesn't mean that the defendant was charged with being part of one conspiracy. So what you need to do is look at the charge of acquittal and figure out what the elements are of that offense, look to what specific issues there are that could have been the basis for and here, despite the fact that we almost had an earthquake, I think. Yeah, I think so. You're making a very moving argument. No. Fair enough. Judge Takasugi thought so. Here, the count of acquittal was a conspiracy to distribute and possess with intent to distribute MDMA. And there are several grounds upon which the jury could have acquitted her. The first is the absence or the failure of the government to prove beyond a reasonable doubt that there was an agreement to distribute or possess with intent to distribute MDMA. The second is the failure of the government to prove beyond a reasonable doubt that the defendant knew there was an agreement to distribute and possess with intent to distribute MDMA. And the third would be the failure of the government to prove beyond a reasonable doubt that the defendant, even if there was such an agreement and even if she had knowledge of it, had the intent to further the distribution and possession with intent to distribute MDMA. And the defendant's burden is so difficult, particularly in a conspiracy case. This Court has never been able to find a case in which this Court has ever applied collateral estoppel based on an acquittal of a conspiracy count. And that is because the difference between conspiracy counts and substantive counts is the additional element of the agreement. And while the defendant would like this Court to find that, well, the jury must have found that she was aware of all these other things that were going on, this Court would need to find that the jury necessarily determined a specific issue in her favor that precluded retrial of that issue. So not only did she not show that, but let's assume she did show that. What specific issue could she possibly show that the jury necessarily found in her favor by its acquittal on the count one conspiracy to distribute and possess with intent to distribute? Well, the first issue they could have specifically, failure to prove an agreement to distribute and possess with intent to distribute. If that were the case, we would be precluded from relitigating that specific issue, which would not be a problem, obviously, because she was not tried again on that count. Second is the jury could have, again, theoretically found that the defendant had no knowledge that there was an agreement to distribute and possess with intent to distribute MDMA. And if this Court were to find that the acquittal on count one necessarily rested on the finding that the defendant had no knowledge of this conspiracy to distribute, that would still not preclude relitigation of whether or not she had knowledge that there was a conspiracy to import, because the difference between the two is vast. They are different crimes with different elements. And you cannot suppose that, even assuming you could necessarily find the first issue had been decided, you cannot suppose that that finding would then be the same exact thing as a finding of no knowledge on the issue of a conspiracy to import. And the same thing with intent. If the jury's verdict in count one somehow were necessarily found to be based on a finding that the defendant did not intend to distribute or possess with intent to distribute, it would only preclude us from relitigating that specific issue, not an entirely separate issue of whether she had intent to further a conspiracy to import drugs. So that's the problem. You can't frame this as the jury must acquit her. Because they acquitted her of being a one conspiracy, they can't really find that she's part of a second conspiracy, because that's not the law of collateral estoppel. Mr. Buehler focuses on the fact that it was a conspiracy to possess with intent to distribute. Either way, Your Honor. Even if you want to just frame it as that issue, the fact remains she was charged in two separate crimes. And her acquittal of one crime, which has different elements, cannot necessarily be said to preclude an issue in the second count. And I didn't phrase that adequately. But what I'm trying to say is they have to show that this count one acquittal necessarily was based on a – and necessarily is the key word, and that's the word that Judge Takasu kept coming back to. It's not enough to say, well, it's – the jury probably found that she was aware of a conspiracy to distribute or a conspiracy to possess with intent to distribute. This Court would have to find that the jury necessarily, by acquitting her, must have found that she – whatever. She had no knowledge that there was a conspiracy to possess with intent to distribute. And even if they did, again, that would only mean preclusion as to that specific issue. Because the jury instructions are quite clear, and those elements require findings. And with respect to the count one acquittal, the jury was not instructed, if you find that she knew there was an agreement to distribute, then you can acquit her of both conspiracies. They were instructed, count one, government has to approve an agreement to commit a certain crime, namely the crime to distribute or possess with intent to distribute drugs. If his argument were correct, then if the first jury had acquitted her of the conspiracy to possess with intent to distribute, but convicted her of this crime right then and there, that that would have been an inconsistent verdict. And we have cases that say, at least theoretically, that that's not so. I think his argument is based primarily on the factual setting, in view of the fact that the only way they could import it in this instance was by actually taking possession of it with the intent to distribute it later. But factually, they couldn't be separated out. And on the facts, what's your response to that? I think you cannot just bootstrap, one, a conspiracy to import, into a conspiracy to distribute and possess with intent to distribute. The Supreme Court in Alberniz has recognized that these are two separate crimes with different elements. And if I were to stand before this Court and argue that we convicted her of conspiracy to import, therefore she must also be guilty of conspiracy to distribute, even if I failed to put in evidence of the existence of such a conspiracy, of the existence or of her knowledge of such a conspiracy or of her intent to further such a conspiracy, this Court would think I was out of my mind. And that's the same situation here. It doesn't matter whether conduct can arguably support two different charges. We have to prove that she had specific intent in order to be guilty of a conspiracy count. And with respect to count one, we had to prove that she had the specific intent to further the possession with intent to distribute MDMA, if you will. And even if she knew there was someone who was going to be possessing with intent to distribute, even if there was an agreement between two or more people to commit that crime, if we failed to prove that she, with that knowledge intended by her actions, to further that unlawful objective, then we have failed to prove the crime of conspiracy to possess with intent to distribute. And that is why there cannot be collateral estoppel here, because it is quite conceivable that the jury in this case said, look, there wasn't really much evidence that the government put in about any kind of agreement to distribute or possess with intent to distribute. There wasn't really any evidence that this defendant knew about such an agreement. And there wasn't really evidence that this defendant intended to further such an agreement, because what was focused on was the importation. So it is quite conceivable that they based their verdict on a failure of us to meet one or more of the elements of that crime. And, in fact, the vote for conviction was 9-3 for conviction on the conspiracy to import, even though they acquitted her of the conspiracy to distribute or possess with intent to distribute drugs. So the reliance by the defendant on Romeo and Seeley is inappropriate and of offenses. And in the substantive offenses, the issues were fewer, and you had situations in both those cases where marijuana couriers were driving across the border with marijuana in their cars, so possession was not an issue because they had constructed possession of the drugs. Intent to distribute was not an issue because the quantity was so large that it could not be presumed that it was anything but for distribution. So there was only one issue which could have necessarily been behind the acquittals in Romeo and Seeley, and that was whether those persons had knowledge that the drugs were in the car. But here, as the cases we've cited in this account, adds an additional element, and you cannot necessarily find that an issue they want you to find was necessarily decided. That's what bars issue preclusion in this case. And unless the Court has any other questions, I'll submit. Thank you. Thank you. First, I have great respect for Judge Takasugi, but all judges make mistakes sometimes, and this is an issue that's to be decided. Even us? I'm not just about, sure, but the present company. But this is an issue for this Court to decide de novo as well. Let me just hook up on Mr. Lowe's last point. He was saying that in Romeo there was only one issue that the case turned upon. In this case, as a factual matter, as far as Ms. Kendrick was concerned, there was only one issue the case turned upon. Nobody was arguing in closing argument that you might find her guilty of this conspiracy, but not this conspiracy. Or here, let me show you how factually you find her guilty of this conspiracy, but you've got to find a few different facts over here. That issue is? The issue it turns upon is whether Ms. Kendrick had, in the jury's view, meant to actually be part of this conspiracy. We know she hears the government's evidence indicates that she … When you say this conspiracy, though, you're choosing to call it one. Yes. And the government has chosen to charge two. Now, let me ask you the question that was implicit in my conversation with opposing counsel. If in the first trial the jury had cleanly come back and acquitted of the one conspiracy and convicted of the other, isn't that perfectly permissible? If in one trial they had come to inconsistent verdicts, yes, the United States Supreme Court has said that in that situation the conviction will stand, even though they have acquitted on another charge in which there is a logically inconsistent thing. But that's when they've come back in one trial. But this is a different issue. And, in fact, in I believe Romeo, perhaps Sealy, one of those cases, this court addresses the significance of that decision, and I think it's the United States v. Powell, of that law of the Supreme Court for this issue of collateral estoppel, which is a different issue because now we've got an acquittal in one trial. The jury hangs on other counts. And now we're looking at whether this jury could logically consistent with the first acquittal, convict on the other counts. And this court says that in that setting we are going to apply collateral estoppel. It's a different issue. There are different considerations than what the Supreme Court was dealing with in Powell. Now, the one issue in this case was basically you could say was whether in the jury's view Ms. Kendrick was only along for the ride or whether she really joined the conspiracy. Was this guilt by association or did she, in fact, join the conspiracy? And that's a judgment. Ms. Kendrick was not a drug user like the other people involved. She was a student. She was a good student. She had a regular job and so forth. She was somebody who was on the fringe. So the question for them to decide was whether or not she really joined the conspiracy or whether she was, so to speak, just along for the ride. But that issue is the same issue. There was no way factually to say she was along only for the ride on the conspiracy to possess her distribution, but she decided to join the importation conspiracy. I believe I'm out of time. And unless there are questions, I'll submit. Thank you, Your Honor. All right, thank you, counsel. The matter just argued will be submitted and the court will stand in recess for the day.
judges: Browning, Rymer, Graber